IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN 22 2015
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| **SYBIL SMITH** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 5:15cv 55DCB-MTP |
| CITY OF MCCOMB, MISSISSIPPI; ANTHONY DANIELS, in His Individual Capacity and in His Official Capacity as a Police Officer for the City of McComb, Mississippi; KENYANNA MARTIN, in Her Individual Capacity in Her Official Capacity as a Police Officer for the City of McComb, Mississippi; ARMSTRONG NATIONAL SECURITY FORCE, LLC; and ELDRIDGE BULLOCK, in His Individual Capacity and in His Capacity as an Employee and Agent for ARMSTRONG NATIONAL SECURITY FORCE, LLC | **DEFENDANTS** |

**JURY DEMANDED**
**COMPLAINT**
**JURISDICTION**

1. Plaintiff brings this action for declaratory relief, compensatory damages, and punitive damages pursuant to the 4th and 14th Amendments to the United States Constitution, 28 U. S. C. § § 1331, 1343, 2201, and 2202; 42 U. S. C. §§ 1983 and 1988; and Mississippi common law. The jurisdiction of this Court is invoked pursuant to the 4th and 14th Amendments to the United States Constitution, 28 U. S. C. § § 1331, 1343, 2201, and 2202, and 42 U. S. C. § 1983, and the supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367.

2. This Court has venue of this action pursuant to 28 U. S. C. § 1391 because the cause

of action arose in Pike County, Mississippi.

## PARTIES

3.  Plaintiff, Sybil Smith, is an adult resident citizen of Pike County, Mississippi whose post office and street address is the City of McComb, Mississippi.

4.  Defendant, the City of McComb, Mississippi, is a local municipal government in Pike County, Mississippi that may be served with the process of this Court by serving its Mayor, Honorable Whitney Rawlings, whose post office and street address is City Hall, 115 Third Street, McComb, Mississippi 39648.

5.  Defendant, Anthony Daniels, is an adult resident citizen of Pike County, Mississippi, who may be served with the process of this Court at the City of McComb Police Department, 501 Beech Street, City of McComb, Mississippi 39648.

6.  Defendant, Kenyanna Martin, is an adult resident citizen of Pike County, Mississippi, who may be served with the process of this Court at the City of McComb Police Department, 501 Beech Street, City of McComb, Mississippi 39648.

7.  At all times relevant herein, the defendants, Anthony Daniels and Kenyanna Martin, were acting in their individual capacities and in their capacities as police officers for the City of McComb, Mississippi.

8.  Defendant, Armstrong National Security Force, LLC, hereinafter referred to as "Armstrong Security", is a limited liability company created and existing under the laws of the State of Mississippi that has qualified to do business and is doing business in the State of Mississippi. This defendant may be served with the process of this Court by serving its registered agent for service of process, Michael L. Byrd, whose post office and street address is 303 Harmony Road,

Crystal Springs, Mississippi 39059.

9. Defendant, Eldridge Bullock, is an adult resident citizen of Pike County, Mississippi, whose post office and street address is the Security Booth, Community Parks, 120 Gillis Circle, McComb, Mississippi 39648.

10. The defendants, Anthony Daniels and Kenyanna Martin, are sued in their individual capacities and in their official capacities as police officers for the City of McComb, Mississippi.

11. The defendant, the City of McComb, Mississippi is sued in its official capacity only.

12. The defendants, Armstrong Security and Eldridge Bullock, are sued in their individual capacities, and the defendant, Armstrong Security, is sued under the theory of respondeat superior.

## FACTS

13. On June 21, 2014, the plaintiff, Sybil Smith, was at her home in Community Parks in McComb, Mississippi when suddenly her downstairs neighbor approached her threatening her because she had called the police to report a crime and the presence of an alleged criminal in the area.

14. The plaintiff's neighbor apparently had been informed by her (the neighbor's) uncle, Eldridge Bullock, that the plaintiff had reported the neighbor's brother and Mr. Bullock's nephew to the police department as the alleged criminal in the area.

15. The defendant, Eldridge Bullock, was at all times relevant herein, a security guard for Armstrong Security working in his individual capacity and within the course and scope of his employment, agency, and authority for Armstrong Security.

16. The defendant, Eldridge Bullock, arrived on the scene of plaintiff's apartment just

3

as plaintiff's downstairs neighbor approached plaintiff's building and began to climb the stairs towards the plaintiff.

17. The plaintiff's downstairs neighbor was threatening and cursing plaintiff in a loud and boisterous manner as she climbed the stairs.

18. The defendant, Eldridge Bullock, grabbed plaintiff's downstairs neighbor and instructed both women to be quiet.

19. However, the plaintiff was quiet and she was not loud or boisterous or profane, and she did not threatened her downstairs neighbor in any manner.

20. At all times relevant herein, the plaintiff was standing on the porch of her apartment.

21. The plaintiff did not enter the stairway or the common area of the apartment complex prior to her being arrested.

22. Another one of plaintiff's neighbor's and husband came out of their apartment and inquired of the plaintiff what was happening.

23. Just as the plaintiff began to explain to these neighbors in a quiet voice what had transpired, the defendant, Eldridge Bullock yelled, "I told you to shut up, both y' all; I'm calling the police."

24. At all times relevant herein, the plaintiff had not disturbed the peace in any manner.

25. The defendant, Eldridge Bullock, was without any legal authority to order the plaintiff to not answer her neighbors' question or to charge or arrest her for not obeying his command.

26. The defendant, Eldridge Bullock, immediately called the McComb Police Department, and the City of McComb police officers, Anthony Daniels and Kenyatta Martin, arrived on the scene.

27.   The plaintiff did not commit any misdemeanor or felony in the presence of the City of McComb police officers, Anthony Daniels and Kenyatta Martin.

28.   The plaintiff did not commit a crime at all, and she did not commit a crime in the presence of any City of McComb police officers.

29.   There was no probable cause that Ms. Smith had committed any offense at all.

30.   The defendant, Eldridge Bullock, told police officers Anthony Daniels and Kenyanna Martin that he wanted them to arrest the plaintiff because he told her to "shut up" and she wouldn't.

31.   The defendants, Anthony Daniels and Kenyanna Martin, arrested the plaintiff, without any probable cause that she committed a crime.

32.   The defendant, Anthony Daniels, ordered plaintiff to come down the stairs and place her hands behind her back which she did.

33.   The defendant, Anthony Daniels, placed handcuffs on the plaintiff and instructed the defendant, Kenyanna Martin, to place her in the patrol car.

34.   The defendant, Kenyanna Martin, placed plaintiff in the patrol car and transported her to jail where she was booked, fingerprinted, photographed, and placed in a cell.

35.   When the defendant, Anthony Daniels, placed handcuffs on the plaintiff, he asked the defendant, Eldridge Bullock, what was she was being charged with and the defendant, Eldridge Bullock, replied, "I don't know; I'll tell you when I get down there" (to the Police Department).

36.   The defendant, Kenyanna Martin, did not know what the plaintiff was being charged with when they arrived at the jail.

37.   The defendant, Kenyanna Martin, told the jailer, "I don't know what the charges are security is filing the charges," ... and that she guessed the security guard would be down to file the

charges.

38. About four hours after the plaintiff was booked into jail, the defendant, Eldridge Bullock, arrived at the jail and filed an affidavit charging the plaintiff with disturbing the peace in violation of MISS. CODE ANN. § 97-35-15, "by using profane language after being told to go inside." A true and correct copy of the affidavit charging the plaintiff with the crime of disturbing the peace is attached hereto as Exhibit "A" and incorporated herein.

39. The affidavit filed by the defendant, Eldridge Bullock, did not state the specific words used by the plaintiff that were allegedly profane.

40. The plaintiff had not disturbed the peace, used profane language, or committed any crime whatsoever.

41. There was no probable cause that the plaintiff had disturbed the peace, used profane language, or committed any crime whatsoever.

42. The plaintiff was required to post a bond to be released from jail.

43. The plaintiff is indigent, and she was unable to hire an attorney, therefore the Municipal Court of the City of McComb, Mississippi appointed an attorney to represent plaintiff in municipal court on the charges filed by the defendant, Eldridge Bullock.

44. The Municipal Court Judge for the City of McComb, Mississippi entered a judgment finding the plaintiff "not guilty" of the charges on June 27, 2014. A true and correct copy of the Abstract of Court Record is attached hereto as Exhibit "B" and incorporated herein.

45. All of the actions and inactions of the defendants, Anthony Daniels and Kenyanna Martin, were intentional, deliberate, negligent, grossly negligent, and in reckless disregard for the rights of the plaintiff.

46. All of the actions and inactions of the defendants, Anthony Daniels and Kenyanna Martin, were taken pursuant to a policy or custom of the City of McComb, Mississippi which allows officers to arrest citizens without probable cause, without a misdemeanor or felony being committed in their presence, without an arrest warrant being filed against the citizen, and without any formal charges being filed against the citizen accusing the citizen of committing a misdemeanor.

47. All of the actions and inactions of the defendants, Anthony Daniels and Kenyanna Martin, were taken in their individual capacities and in their capacities as police officers for the City of McComb, Mississippi.

48. All of the actions and inactions of the defendant, Eldridge Bullock, were taken in his individual capacity and in his capacity as an employee, agent, and authorized representative of Armstrong Security.

49. The defendant, Armstrong Security, is liable for the actions and inactions of its employee and agent, Eldridge Bullock, who was, at all relevant times, acting within the course and scope of his employment and agency for Armstrong Security.

50. As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned above, the plaintiff suffered physical pain, emotional distress, embarrassment, and humiliation, and the plaintiff incurred medical and other costs related to treatment caused by the actions and inactions of the defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

51. The plaintiff is exhausting her administrative remedies under the Mississippi Tort Claims Act, MISS. CODE ANN. §§ 11-46-1, *et seq.*, and she has not filed her claim under the Mississippi Tort Claims Act yet.

## CAUSES OF ACTION

### COUNT I - UNLAWFUL ARREST (U. S. Constitution)

52.     The actions and inactions of the defendants, jointly and severally, as mentioned above, constituted an unlawful arrest and violated rights secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U. S. C. § 1983.

### COUNT II - UNLAWFUL ARREST (Miss. Const. 1890 and common law)

53.     The actions and inactions of the defendants, Anthony Daniels, Kenyanna Martin, and Eldridge Bullock, jointly and severally, as mentioned above, constituted an unlawful arrest and violate rights secured to plaintiff by Art. 3, § 23, Miss Const. (1890).

54.     The actions and inactions of the defendant, Eldridge Bullock, as mentioned above, constituted an unlawful arrest under the common law of the State of Mississippi.

### COUNT III - UNLAWFUL ARREST POLICY (U. S. Constitution)

55.     The actions and inactions of the defendant, the City of McComb, Mississippi, in having a policy or custom which allows, condones, and encourages police officers for the City of McComb, Mississippi to arrest citizens without probable cause, without a misdemeanor or felony being committed in their presence, without an arrest warrant being filed against the citizen, and without any formal charges being filed against the citizen accusing the citizen of committing a misdemeanor violates rights secured to plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U. S. C. § 1983.

### COUNT IV - ASSAULT AND BATTERY (State Common Law)

56.     The actions and inactions of the defendants, Anthony Daniels and Kenyanna Martin,

8

jointly and severally, as mentioned above, in arresting plaintiff, placing handcuffs on her, transporting her to jail, and incarcerating her, without probable cause, without a warrant, and without any criminal charges being filed against her, constitutes an unlawful assault and battery.

### COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (State Law)

57. The actions and inactions of the defendant, Eldridge Bullock, as mentioned above, constituted intentional infliction of emotional distress.

### COUNT VI - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (State Law)

58. The actions and inactions of the defendant, Eldridge Bullock, as mentioned above, constituted negligent infliction of emotional distress.

### COUNT VII - NEGLIGENCE ( Common Law)

59. The actions and inactions of the defendants, Armstrong Security and Eldridge Bullock, jointly and severally, as mentioned above, constitute negligence under the common law of the State of Mississippi.

### CAUSATION, INJURY, AND DAMAGES

60. As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned above, the plaintiff has suffered physical pain, emotional distress, embarrassment and humiliation, loss of enjoyment of life, a permanent impairment, and disfigurement, and the plaintiff has incurred attorney fees, medical, and other expenses.

61. As a proximate results of the actions and inactions of the defendants, jointly and severally, as mentioned above, the plaintiff has suffered compensatory damages in the amount of $100,000.00 and plaintiff seeks punitive damages against defendants, Anthony Daniels, Kenyanna Martin, and Eldridge Bullock, in the amount of $300,000.00.

**JURY DEMANDED**

62.     Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment of compensatory damages of and from the defendants, jointly and severely, in the amount of $100,000.00, and a judgment of compensatory damages and punitive damages against the defendants, Anthony Daniels, Kenyanna Martin, and Eldridge Bullock only, in the amount of $300,000.00, together with an award of court costs and attorney fees.

This the 19th day of June, 2015.

Respectfully submitted,
SYBIL SMITH,
PLAINTIFF

_____
CARROLL RHODES, ESQ., MSB # 5314
LAW OFFICES OF CARROLL RHODES
POST OFFICE BOX 588
HAZLEHURST, MS 39083
TELEPHONE: (601) 894-4323
FACSIMILE: (601) 894-1464
E-MAIL: crhode@bellsouth.net